```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON


HELEN R. WHITE,

        Plaintiff,

v.                             Case No. 2:10-cv-01016

HOME DEPOT U.S.A., INC.,

        Defendant.
```

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's first motion for sanctions, default judgment or dismissal (docket # 11), filed on November 1, 2010, its second motion for sanctions, for default judgment or dismissal (# 18), filed on December 6, 2010, and Defendant's affidavit of attorneys' fees (# 17), filed on November 23, 2010. This case concerns Plaintiff's allegations that merchandise fell on her while she was shopping in Defendant's store in South Charleston, West Virginia, on March 16, 2008.

History of Discovery

Defendant began discovery in this case prematurely; it served discovery requests on Plaintiff on August 13, 2010 (# 5). Pursuant to Rule 26(d)(1), Fed. R. Civ. P., Defendant should have waited until the Rule 26(f) conference to seek discovery; the parties conducted their Rule 26(f) conference on September 29, 2010 (# 7, at 1). Plaintiff did not object to the early discovery requests,

but she also did not respond to them within thirty days. After a conference, Defendant gave Plaintiff an extension to October 1, 2010. Again, Plaintiff did not provide discovery responses. On October 8, 2010, Defendant filed a motion to compel discovery (# 9). By Order entered October 15, 2010, the undersigned granted Defendant's motion to compel and directed Plaintiff to serve the discovery responses, without objections, on or before October 22, 2010 (# 10). In addition, the Court provided that Defendant's attorney could file an affidavit of its reasonable expenses, including attorney's fees, incurred in making the motion. Id. Defense counsel did not seek fees and costs for the motion.

Plaintiff and her attorney failed to comply with the Order of October 15, 2010, and on November 1, 2010, Defendant filed its first motion for sanctions, default judgment or dismissal (# 11), and brief in support (# 12). Meanwhile, the deadline of October 29, 2010 for serving Rule 26(a)(1) disclosures, set by the presiding District Judge by Order and Notice entered August 20, 2010 (# 6), passed, and Plaintiff failed to serve any disclosures.[1] By Order entered November 9, 2010, the undersigned required Plaintiff and her attorney to appear in person for a hearing on November 17, 2010 (# 13), which they did. Defense counsel also appeared in person, having traveled from Richmond, Virginia.

At the hearing, the Court expressed its concern about the lack

---

[1] The docket sheet does not indicate that Defendant has served its Rule 26(a)(1) disclosures.

of Rule 26(a)(1) disclosures and discovery responses and the necessity of complying with the Federal Rules of Civil Procedure. The Court warned Plaintiff that the failure to comply with the applicable Rules and to produce documents and information requested in discovery could result in dismissal of her case. Plaintiff and her attorney promised to serve the responses and the Rule 26(a)(1) disclosures. Plaintiff's counsel took responsibility for the failure to comply with the October 15, 2010 Order.

The undersigned again gave defense counsel leave to file an affidavit for fees. The Court instructed Plaintiff's counsel to file his response to the affidavit, if any, within one week.

At Defendant's request, the Court withheld a ruling on the appropriate sanctions, awaiting Plaintiff's service of discovery responses. On November 18, 2010, Plaintiff served her discovery responses and her Rule 26(a)(1) disclosures (## 15, 16).

On November 23, 2010, defense counsel filed his affidavit for costs and fees (# 17), to which Plaintiff's counsel has not responded.

On December 6, 2010, Defendant filed its second motion for sanctions, default judgment or dismissal, alleging that Plaintiff's discovery responses are deficient and, in some instances, non-responsive. (# 18, at 2.) Although some of the discovery responses indicate that they will be supplemented, the docket sheet does not indicate that supplementation has occurred to date.

Plaintiff did not respond to the motion within the period allowed by the Local Rules.

<u>Defendant's First Motion for Sanctions, Etc. (# 11)</u>

In light of the filing of the second motion for sanctions, etc., it is hereby **ORDERED** that the first motion is denied as moot except it is granted to the extent of awarding expenses, including attorneys' fees as set forth below.

<u>Defendant's Second Motion for Sanctions, Etc. (# 18)</u>

Defendant makes specific complaint about Plaintiff's responses to interrogatory numbers 2, 9, 10, 12, 14, 15, 17, 19, 21 and 25, and to requests for production of documents numbers 8 and 9. (# 18, at 2-6.) At the hearing, the Court learned that when the incident occurred at Defendant's store, Plaintiff completed a "Customer Incident Statement," which the Court has not seen. Apparently the item which allegedly fell on Plaintiff was a lock, and the incident occurred in aisle 25. Thus Defendant has been on notice of the basic allegations made by Plaintiff since the incident. At the hearing, Plaintiff's counsel stated, and Defendant has not contradicted, that Plaintiff has provided her medical records.

Upon review of the discovery responses set forth in Defendant's motion, Plaintiff has provided <u>no</u> information relating to the facts in addition to that which was contained in the "Customer Incident Statement." The responses are insufficient and

4

fail to comply with Rules 33 and 34 of the Federal Rules of Civil Procedure.  Plaintiff's promises to supplement her responses are empty, given the lack of production of requested relevant documents, other than medical records.  Plaintiff has been on notice for months that she must compile wage statements, tax returns, and employment information but she has not produced such records.

The reason given by Plaintiff's attorney at the hearing for the failure to comply with the October 15, 2010 Order was that Mr. Bland had changed from Fibernet to Frontier for internet service.  He claimed that he did not receive the Order.  The Court finds that this excuse does not constitute good cause.

Rule 37(b)(2)(A), Fed. R. Civ. P., provides that if a party fails to obey an order to provide discovery, including an order granting a motion to compel, "the court where the action is pending may issue further just orders."  The orders may include actions listed at Rule 37(b)(2)(A)(i) through (vii), plus a requirement to pay expenses, including attorney's fees.  The Fourth Circuit has held that a district court should apply a four-part test to determine what sanctions should be imposed under Rule 37:

> The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions [than entry of default judgment] would have been effective.

<u>Anderson v. Foundation for Advancement, Educ. & Employment of Am.</u>

Indians, 155 F.3d 500, 504 (4th Cir. 1998).

The Court **FINDS** that there is little evidence that Plaintiff and her attorney acted in bad faith. While their excuses are weak, it appears to the Court that they were careless and negligent and did not willfully attempt to obstruct discovery.

Defendant has been in possession of Plaintiff's "Customer Incident Statement" ever since the incident occurred. From that day forward, Defendant has had the unfettered opportunity to interview its employees and customers, to view surveillance video, and to examine the scene. Thus the Court **FINDS** that Defendant has not been significantly prejudiced by Plaintiff's failure to cooperate in discovery. The presiding District Judge set a discovery completion date of May 31, 2011 (# 8); thus there remains plenty of time for Defendant to examine Plaintiff's medical records, to depose her, and to serve such additional discovery as may be appropriate under the circumstances.

The third factor is the need for deterrence of the particular sort of non-compliance. The Court **FINDS** that payment of Defendant's expenses, including attorney's fees, is a sufficiently painful sanction that it is likely to deter Mr. Bland from failing to respond to discovery requests and court orders. Defendant's premature service of discovery requests and apparent failure to make its own Rule 26(a)(1) disclosures has modestly influenced the Court's conclusion as to this finding.

The Court **FINDS** that sanctions less drastic than default judgment or dismissal will be effective and support the preference that cases be decided on their merit. However, Plaintiff and her counsel are reminded that the Court has previously granted Defendant's motion to compel and Plaintiff's discovery responses are insufficient and must be supplemented no later than **January 7, 2011**.

For these reasons, it is hereby **ORDERED** that Defendant's Second Motion for Sanctions (# 18) is granted to the limited extent of awarding expenses including attorney's fees and requiring supplementation of the discovery responses. **As previously stated at the hearing, Plaintiff is placed on notice that the failure of her or her attorney to produce documents and other discovery as requested by Defendant and as required by court orders and the Federal Rules of Civil Procedure may subject her to dismissal of her case with prejudice.**

Attorneys' Fees (# 17)

It is hereby **ORDERED** that on or before **January 14, 2011**, Mr. Bland shall pay $2,018.29 to counsel for Defendant as the reasonable expenses, including attorneys' fees, associated with Defendant's first motion for sanctions, etc.. The Court **FINDS** that Defendant's motion was substantially justified and that there are no other circumstances which make an award of expenses unjust.

It is further **ORDERED** that Defendant may file an affidavit of expenses, including attorneys' fees, associated with the filing of Defendant's second motion for sanctions, etc. Upon the filing of the affidavit, Mr. Bland will have one week in which to file a response, which must include an identification of the person whose conduct (or failure to act) necessitated the filing of Defendant's second motion.

The Clerk is directed to transmit this Order to counsel of record and to mail a copy of this Order to Plaintiff at her current home address.

ENTER: December 28, 2010

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge