**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

HELEN R. WHITE,

        Plaintiff,

v.                        CIVIL ACTION NO.  2:10-cv-01016

HOME DEPOT U.S.A., INC.,

        Defendant.

**MEMORANDUM OPINION AND SUMMARY JUDGMENT ORDER**

Pending before the Court is the Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion for Summary Judgment [Docket 29].  Home Depot filed its motion on April 25, 2011.  Plaintiff did not respond to the motion.  For the reasons set forth below, the motion is **GRANTED**.

*I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

This case was initially filed in the Circuit Court of Kanawha County, West Virginia, on March 15, 2010.  Home Depot removed the case to federal court on the basis of diversity of citizenship, and removal was never challenged.  The complaint alleges common law negligence against Home Depot for failing to "maintain [its] premises in a reasonably safe condition" and failing to "provide adequate maintenance of [its] premises for the reasonable protection of those lawfully upon the premises."  (Docket 1 at 7.)  Few facts regarding this case appear on the record.  The facts as presented in this opinion are derived from the excerpt of Plaintiff's deposition before the Court, Plaintiff's complaint and discovery responses, and the fact section of Home Depot's motion for summary judgment.

On March 16, 2008, Plaintiff Helen R. White ("Plaintiff" or "Ms. White") entered a Home Depot store in South Charleston, West Virginia, to purchase a lock and deadbolt for her home.

(Docket 30-4 at 2-4.) After browsing and comparing prices for several locks, Ms. White removed one from a top shelf. According to her own testimony, the shelf was approximately six feet from the ground, but Ms. White was able to grasp the lock with both hands and place it in her shopping cart. (*Id.* at 5-8, 18.) Ms. White then moved several feet down the same aisle and continued comparing prices on other locks. It was at this point that Ms. White was struck in the head by another lock, which she believes was of a different brand than the lock she placed in her shopping cart. Plaintiff claims to have caught a glimpse of the lock falling from above her head immediately prior to impact. (*Id.* at 8-12.) Plaintiff cannot state what caused the lock to strike her head, but she notes that the shelving at the South Charleston Home Depot lacks a protective "lip," and she further speculates that perhaps someone in the next aisle disturbed the shelf, causing the lock to fall. (*Id.* at 15, 19.) Plaintiff cannot recall any locks being out of place or disheveled in the aisle, and her discovery responses state that Plaintiff did not notice any dangerous or defective condition in the aisle as she was shopping. (*Id.* at 11; Docket 30-1 at 11.) She further states that she is unaware of how long the condition existed. (Docket 30-1 at 13.)

      Plaintiff's discovery responses identify no witnesses to her injury other than herself. In addition, Plaintiff has not come forward with any videotape footage of the accident, nor has she produced any expert or lay testimony to establish her case.[1] Only Plaintiff's discovery responses and deposition, along with photographs of the relevant Home Depot aisle (produced by Home Depot), appear in the record.

---

[1] In her discovery responses, Plaintiff identifies several medical experts to testify regarding the causation and extent of her injuries, as well as the nature and extent of past and future medial expenses. (Docket 30-1 at 8.) The Court is aware of no other experts identified in any of the discovery responses or supplemental discovery responses in the record.

## II. APPLICABLE LAW

*A. Summary Judgment Standard*

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When construing such factual issues, it is well established that the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Nonetheless, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Liberty Lobby*, 477 U.S. at 256.

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Catrett*, 477 U.S. at 322-23. Once the moving party has made the necessary showing, the nonmoving party must produce evidentiary facts to support his contentions. *Barwick*, 736 F.2d at 958. "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to

withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### B. Premises Liability

When a federal court hears a case based on the parties' diversity of citizenship, the court applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Plaintiff's complaint alleges that Home Depot was negligent in the placement and maintenance of merchandise on its shelves. (Docket 1 at 6.)

The relationship existing between a premises owner and a plaintiff determines the duty owed to the plaintiff, if any. A person is an invitee when for purposes connected with the business conducted on the premises he enters or uses a place of business. *Burdette v. Burdette*, 127 S.E.2d 249, 252 (W. Va. 1962); *Puffer v. Hub Cigar Store, Inc.*, 84 S.E.2d 145, 152 (W. Va. 1954), *overruled on other grounds by Mallet v. Pickens*, 522 S.E.2d 436, 448 (W. Va. 1999). As a premises owner/occupant, Home Depot owed Plaintiff a duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition. *Burdette*, 127 S.E.2d at 252; *see also Andrick v. Town of Buckhannon*, 421 S.E.2d 247, 250 (W. Va. 1992). The owner or occupant of premises used for business purposes, however, "is not an insurer of the safety of an invited person present on such premises and, if such owner or occupant is not guilty of actionable negligence or willful or wanton misconduct and no nuisance exists, he is not liable for injuries there sustained by such invited person." *Burdette*, 127 S.E.2d at 252; *Hub Cigar*, 84 S.E.2d at 152. When he enters the premises, an invitee assumes all "normal, obvious or ordinary risks attendant on the use of the premises," and there will be no owner/occupant liability for negligence for dangers which are "obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." *Estate of Helmick v. Martin*, 453 S.E.2d 335, 339 (W. Va. 1994); *see also Burdette*, 127 S.E.2d at 252 (citing

4

65 C.J.S. *Negligence* § 50; 38 Am. Jur. *Negligence* § 97). Furthermore, even as to so-called "hidden dangers," "before an owner can be liable under a negligence theory, he must have had actual or constructive knowledge of the defective condition which caused the injury." *McDonald v. Univ. of W. Va. Bd. of Trustees*, 444 S.E.2d 57, 61 (W. Va. 1994).

## III. DISCUSSION

Plaintiff bears the burden of establishing negligence. *Neely v. Belk, Inc.*, 668 S.E.2d 189, 198 (W. Va. 2008). The Court's role is to determine whether Plaintiff has produced sufficient evidence to permit a reasonable jury to find that Home Depot owed Plaintiff a duty to use reasonable care under the circumstances and, assuming so, whether Plaintiff has produced sufficient evidence to raise a question as to whether Home Depot could have foreseen Plaintiff's injury and breached its duty. *See id.* (citing *Strahin v. Cleavenger*, 603 S.E.2d 197, 206-07 (W. Va. 2004)). In order to withstand summary judgment, Plaintiff must come forward with some evidence that she was injured by a dangerous or defective condition on Home Depot's premises that was not open and obvious, about which Home Depot had actual or constructive knowledge. *See, e.g.*, *id.*

Home Depot is correct that the record is devoid of evidence on several aspects of Plaintiff's prima facie case. Plaintiff has neither procured from Home Depot or its employees nor otherwise come forward with any evidence to indicate: (1) that a dangerous or defective condition existed on Home Depot's premises; (2) that the condition was latent or hidden, and thereby not open and obvious; or (3) that Home Depot had actual or constructive knowledge of the supposed dangerous or defective condition.

### A. *Existence of Dangerous or Defective Condition*

The only assertion made by Plaintiff that supports with any particularity the existence of a dangerous or defective condition is her statement that Home Depot's shelves lacked a "lip," or raised

5

edge to secure items on shelves. Plaintiff apparently relies on her own conclusory responses in discovery to establish that the lack of a lip on Home Depot's shelving is dangerous or defective. She has disclosed no safety or industry experts to demonstrate that shelving lips are standard practice or otherwise were required to meet Home Depot's duty of care to invitees. Furthermore, even assuming the lack of a shelf lip is a dangerous or defective condition, it is not apparent how the lack of a lip on Home Depot's shelving is not open and obvious, and therefore an assumed risk.

Plaintiff freely admits that there were no witnesses to her injury, and she did not notice any dangerous or defective condition at the Home Depot store. (Docket 30-1 at 11.) In her deposition, Plaintiff admits that she did not notice anything out of place or disheveled about the relevant aisle in the Home Depot store. (Docket 30-4 at 11.) There was nothing obstructing Plaintiff's view of the locks on the shelf. She speculates that someone or something "disturbed the shelf" from the next aisle over, thereby loosing the lock that struck her head. Simply put, however, Plaintiff has produced no evidence to suggest that Home Depot's shelving system presented a dangerous or defective condition to invitees in breach of its duty. Simply stating that the shelves lacked a lip will not suffice to withstand summary judgment because a premises owner/occupant "is not an insurer of the safety of an invited person present on such premises," instead owing invitees only the duty of exercising ordinary care to keep the aisles, passageways, and other premises in a reasonably safe condition. There is no evidence in the record to suggest that shelves with lips are objectively safer than shelves without lips, or that lips were required to meet Home Depot's duty to exercise reasonable care for the safety of invitees. Absent any such evidence, no reasonable juror could find liability in this case.

### B. *Foreseeability: Actual or Constructive Knowledge*

The element of foreseeability is particularly crucial in premise liability cases because before an owner or occupier may be held liable for negligence, "he must have had actual or constructive knowledge of the defective condition which caused the injury." *Hawkins v. United States Sports Assoc., Inc.*, 633 S.E.2d 31, 35 (W. Va. 2006) (per curiam). The only support in the record for this aspect of Plaintiff's case comes from her interrogatory responses, where she states "[t]he trained eye of the defendant's employees should have noticed and cured this dangerous condition as it should have been observable by a person looking for safely stocked items." (Docket 30-1 at 12.) Putting aside for a moment that Plaintiff has presented no evidence and identified no experts or witnesses about the existence or circumstances of any dangerous or defective condition, there still is no indication of whether Home Depot knew or was on notice of the condition. In a similar case, the Fourth Circuit affirmed summary judgment in favor of a commercial premises owner, stating:

> [Plaintiff] did not present any testimony demonstrating that the Defendant had any knowledge of prior incidents of crib boxes falling off the shelf or that restraints were used or needed to restrain the boxes. Finally, [Plaintiff] did not present any testimony to show that the storage method used was dangerous or unsafe.

*Culp v. Wal-Mart Stores, Inc.*, 133 F.3d 914, 915 (4th Cir. 1998) (unpublished). Plaintiff's evidence is similarly lacking in this case, and summary judgment must therefore be entered in favor of Home Depot.[2]

---

[2] It should be noted that, even had Plaintiff raised the doctrine of res ipsa loquitur, she has failed to procure and produce evidence sufficient to invoke it.

> Pursuant to the evidentiary rule of res ipsa loquitur, it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the
> (continued...)

## IV.  CONCLUSION

For the reasons set forth above, Home Depot's Motion for Summary Judgment [Docket 29] is **GRANTED**. A separate Judgment Order will be entered this day implementing the rulings contained herein. The Court **DIRECTS** the Clerk to remove this case from the Court's docket.

Plaintiff's counsel, Mr. Shannon M. Bland, is reminded that United States Magistrate Judge Mary E. Stanley previously granted Home Depot's Second Motion for Sanctions and ordered that he pay a total of $2,482.29 to Home Depot's counsel for failure to comply with discovery requests. (Dockets 19, 23.)  The expenses were to be paid no later than January 28, 2011.  To date, Mr. Bland has defied the Court's order and failed to pay the expenses even now, over half a year later.  Mr. Bland is **ORDERED** to pay the outstanding fees forthwith or face additional sanctions.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     July 19, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
scope of the defendant's duty to the plaintiff.

Syl. Pt. 3, *Kyle v. Dana Transp., Inc.*, 649 S.E.2d 287 (W. Va. 2007) (citing Syl. Pt. 4, *Foster v. City of Keyser*, 501 S.E.2d 165 (1997)).  In this case, Plaintiff has failed to put forward evidence on all three factors, and especially the second factor.